IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN DEXTER BROOKS

            Plaintiff,                    No. 08-cv-2512 FCD KJN P

    vs.

T. FELKER

            Defendant.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding with an action under 42 U.S.C. § 1983. He has a filed a motion to amend the complaint (Dkt. No. 24) and a motion for sanctions against the defendant (Dkt. No. 30). Defendant has moved to extend the time to complete discovery (Dkt No. 31).

I.    <u>Background</u>

        Plaintiff's original complaint names a single defendant, T. Felker, an official at High Desert State Prison (HDSP). <u>See</u> Complaint ¶ 3 (Dkt. No. 1). The court has screened the original complaint pursuant to 28 U.S.C. § 1915A and found that plaintiff has stated a possible cognizable Eighth Amendment claim that defendant Felker violated his right to be free from cruel and unusual punishment by denying him outdoor exercise for extended periods of time. <u>See</u> Order at 2 (Dkt. No. 8). The court further found the complaint does not state a claim that

1

1    overcrowding at HDSP resulted in deliberate indifference to plaintiff's asthma.  Id.  The

2    screening order gave plaintiff the option of attempting to cure the defects in his overcrowding

3    claim with an amended complaint or proceeding immediately with the claim alleging denial of

4    outdoor exercise.  Id. at 3.  Plaintiff chose the latter by submitting service documents for the

5    original complaint, and the court promptly ordered that defendant Felker be served.  See Dkt.

6    Nos. 11, 12.  The district judge assigned to this case then adopted the finding that the claim of

7    overcrowding was not adequately pled, and that claim was dismissed.  See Order (Dkt. No. 15).

8         Defendant Felker answered the complaint, and the court issued a March 12, 2010

9    scheduling order setting deadlines for discovery and motions to amend the complaint.  See Dkt.

10   No. 20.  Plaintiff timely filed his motion to amend, seeking to name three more officials at HDSP

11   as defendants.  He has repeated the allegation that those defendants denied him outdoor exercise

12   for extended periods of time, but now adds for the first time that the denial was "because of my

13   race (a black male) and for no other legitimate penological purpose."  Amended Complaint at 4

14   (Dkt. No. 25).

15   II.    Plaintiff's Motion to File an Amended Complaint

16        Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint

17   should be "freely given when justice so requires."  The Ninth Circuit has construed this provision

18   broadly, stating that leave to amend should be granted with "extraordinary liberality."  Morongo

19   Band of Mission Indians v. Rose 893 F.2d 1074, 1079 (9th Cir.1990); see also Poling v. Morgan,

20   829 F.2d 882, 886 (9th Cir.1987)(describing a "strong policy permitting amendment").  However,

21   the Supreme Court has held that a court may decline to grant leave where there is "any apparent

22   or declared reason" for doing so.  Foman v. Davis, 371 U.S. 178, 182 (1962).

23        The Ninth Circuit has interpreted Foman as identifying "four factors relevant to

24   whether a motion for leave to amend the pleadings should be denied: undue delay, bad faith or

25   dilatory motive, futility of amendment, and prejudice to the opposing party."  United States v.

26   Webb, 655 F.2d 977, 980 (9th Cir.1981).  These factors do not carry equal weight.  "[D]elay

2

1    alone no matter how lengthy is an insufficient ground for denial of leave to amend." <u>Id.</u> at 980.

2    "Prejudice to the opposing party is the most important factor." <u>Jackson v. Bank of Hawaii</u>, 902

3    F.2d 1385, 1387 (9th Cir.1990).  "Absent prejudice, or a strong showing of any of the remaining

4    <u>Foman</u> factors, there exists a <u>presumption</u> under Rule 15(a) in favor of granting leave to amend."

5    <u>Eminence Capital, LLC v Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir.2003).  Futility of an

6    amendment can, standing alone, justify denial of the amendment.  <u>See</u> <u>Bonin v. Calderon</u>, 59

7    F.3d 815, 845 (9th Cir.1995).

8            The party opposing an amendment bears the burden of showing why it should not

9    be granted. <u>See</u> <u>Collaboration Properties, Inc. v. Tandberg ASA</u>, 2007 WL 205065 at*1

10   (N.D.Cal.).  Here, the defendant argues that the proposed complaint does not sufficiently allege a

11   causal connection between the newly named defendants and the alleged constitutional violations

12   such that a cognizable cause of action under § 1983 can lie.

13          Defendant's argument falls under the "futility of amendment" category recognized

14   by the Ninth Circuit in <u>Webb</u>.[1]  A proposed amendment is futile for purposes of denying a

15   motion to amend where no set of facts may be proven under the amended pleading that would

16   constitute a valid claim. <u>See</u> <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir.1988).

17   The standard for assessing whether a proposed amendment is futile is the same as the standard

18   imposed under Fed.R.Civ.P. 12(b)(6).  <u>Id.</u>[2]  In that analysis, the court reviews the complaint for

19   "facial plausibility."  "A claim has facial plausibility when the plaintiff pleads factual content

20   that allows the court to draw the reasonable inference that the defendant is liable for the

---

21

22          [1] Defendant does not argue undue delay, dilatory motive or prejudice.  To the contrary, he
     relies in part on the proposed amendment as cause for his delay in responding to plaintiff's
23   discovery requests and as a ground for extending the discovery deadline.

24          [2] Even if defendant did not oppose the amendment, the court is required to screen
     complaints, including amended ones, brought by prisoners seeking relief against a governmental
25   entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must
     dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous
26   or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary
     relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1    misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of

2    the elements of a cause of action, supported by mere conclusory statements do not suffice."  Id.

3          Contrary to defendant's argument, plaintiff has sufficiently alleged a cause of

4    action against the newly named defendants.  Plaintiff has adequately re-stated his Eighth

5    Amendment claim that he was denied outdoor exercise.  The factual averments of the amended

6    complaint are substantially similar to those of the original complaint, and the Ninth Circuit has

7    long held that outdoor exercise "is extremely important to the psychological and physical well

8    being" of prisoners. Spain v. Procunier, 600 F.2d 189, 199 (9th Cir.1979); see also Franklin v.

9    Lamarque, 2007 WL 2781267 at * 11 (N.D.Cal.)(stating that "[t]he Court construes Plaintiff's

10   claim of a deprivation of fresh air and recreation as a claim of denial of outdoor exercise").

11   However, the court emphasizes that the amended complaint's allegation that defendants' actions

12   exacerbated plaintiff's "chronic medical conditions" is only a part of the claim that plaintiff was

13   denied outdoor exercise.  See Am. Compl. at 6 (Dkt No. 25).  As was the case with the original

14   complaint, the amended complaint does not state a separate cause of action for deliberate

15   indifference to a serious medical need against any of the defendants.

16         As for defendant Felker's argument that plaintiff does not link the three new

17   defendants to any conduct described in the amended complaint, the key passage of the proposed

18   amendment complaint states:

19              Each of the defendants D.L. Runnels, T. Felker, R.K. Wong and
                R.S. Johnson deliberately and intentionally inflicted cruel and
20              unusual punishment upon plaintiff by denying him outdoor
                exercise and fresh air for prolonged periods of time based on his
21              race as a black inmate and for no other purpose.

22   Id. at 7.  This allegation follows a fairly detailed history of lockdowns and other administrative

23   actions that, according to plaintiff, "caused him to be mentally and physically tortured and

24   aggravated his chronic medical conditions."[3]  Id. at 6.  The amended complaint could be more

25   ────────────────

26        [3] These alleged "chronic medical conditions" are "high blood pressure and asthma...
     headaches, migraines, constipation, heartburn and lethargy."  Id. at 6.  He also claims to have

4

1    specific with respect to the new defendants' allegedly unconstitutional conduct, inasmuch as it

2    does not state who was involved in each of the administrative actions in the long list that plaintiff

3    submits as the factual basis of his claim.  However, the passage above, in which the new

4    defendants are named as having denied plaintiff outdoor exercise on the basis of his race, read

5    together with the detailed history of those alleged denials, suffices as a statement of a viable

6    claim under the Civil Rights Act and Rule 12(b)(6).  Again, while some degree of factual

7    specificity and plausibility is required, see Iqbal supra, pro se pleadings are still held to a less

8    stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520

9    (1972).  The court finds that the precise connection between each defendant and each

10   administrative event mentioned in the amended complaint is a matter best suited to discovery

11   after these new defendants file their answers.

12          Furthermore, the amended complaint adequately states a claim not alleged in the

13   original complaint: plaintiff now claims that he was denied outdoor exercise on the basis of his

14   race.  He explicitly frames this allegation as a violation of his rights under the Equal Protection

15   Clause of the Fourteenth Amendment.  Am.Compl. at 4.  Indeed, that is the proper legal

16   taxonomy for such a claim, and the court finds that plaintiff has adequately pled it as to each

17   defendant, including defendant Felker.  The amended complaint therefore adds a second

18   potentially cognizable claim of race-driven, discriminatory action by state officials in violation of

19   the Equal Protection Clause.  See Richardson v. Runnels, 594 F.3d 666 (9th Cir. 2010).

20          Finally, defendant Felker mischaracterizes the amended complaint when he argues

21   that the new defendants are "all described as acting 'in the capacity of warden,'" Opp'n at 2, and

22   that plaintiff has therefore alleged they are liable solely on the basis of vicarious liability, which

23   is ordinarily a non-viable theory of liability under § 1983.  Plaintiff explicitly designates

24   _____

25   experienced pain in his lower extremities and "anxiety, depression and lack of sleep."  Id.  The
     court accepts the existence of these medical conditions at face value at this stage, but it makes no
     finding as to the seriousness of any of them or the effect, if any, of plaintiff's alleged lack of

26   outdoor exercise on his medical condition.

defendant Runnels as the warden in his amended complaint.  Am.Compl. at 3.  He describes the

other defendants as "associate wardens at High Desert.  These defendants all acted in the capacity

of warden, associate warden or chief deputy warden during the years 2004 through 2006."  Id. at

4.  Taking this entire statement as true, and not just a single part of it as defendant Felker has

done, the amended complaint contains a reasonable inference that plaintiff believes and has

alleged that each of the defendants was directly and individually involved in the denial of

"outdoor exercise and fresh air for prolonged periods of time based on his race as a black inmate

and for no other purpose."  If plaintiff had alleged that one of the defendants was another's

superior and was therefore responsible for the subordinate's actions, then he would have alleged

a non-viable claim of supervisory liability.  But nothing of the sort appears in the amended

complaint.  Each defendant is cast as an independent actor in the alleged deprivations.

The court finds that plaintiff has adequately re-pled his Eighth Amendment claim

for denial of outdoor exercise against the three new defendants (and again against defendant

Felker) and has properly pled a new claim for violation of the Equal Protection Clause against all

four defendants.  The motion to amend will be granted.

III.     Plaintiff's motion for sanctions

Plaintiff moves for sanctions under Fed.R.Civ.P. 37(b)(2), for defendant Felker's

failure to respond to plaintiff's discovery requests within the thirty-day period prescribed by

Rules 33 and 34.  The court therefore construes plaintiff's motion as a motion to compel.  Indeed,

defendant Felker has filed objections to the motion for sanctions and correctly responded as

though plaintiff had styled it as a motion to compel under Rule 37.

Plaintiff served his first set of discovery requests on December 7, 2009.  See Mot.

at 1 (Dkt. No. 30).  He re-served the same requests on January 12, 2010.  Id. at 2.  In a sworn

declaration attached to defendant Felker's opposition to the motion, Felker's counsel states that

after plaintiff filed his motion to amend the complaint on February 3, "defendant Felker refrained

from responding to the discovery requests pending the Court's ruling and a new scheduling

order." Decl. ¶ 5 (Dkt. No. 32-2).  Defendant Felker thus takes a somewhat inconsistent position to explain the delay in responding to the discovery requests: he opposes the motion to amend as futile, but submits his apparent expectation that it will succeed and necessitate a new scheduling order as a reason not to respond timely to plaintiff's discovery requests.  However, defendant Felker did not rely on that expectation for long:  on February 25, three weeks after plaintiff sought leave to amend the complaint, defendant Felker's counsel wrote plaintiff a letter "advising him that they were working on his discovery requests and it was taking longer than expected because of the various institutions and individuals involved – including the named defendant." Id. at 6.  By that time, plaintiff had already drafted and mailed his motion for sanctions; it was received by the court on February 26, the day after defendant's counsel sent his letter.  Plaintiff responded to Felker with a letter claiming that he had already been prejudiced by the delay in discovery responses unless the court "re-sets the time for discovery in this case." Id. at Ex. B. According to Felker's counsel, the responses were finally served on March 16, four days after the formal discovery period expired.

Defendant Felker's service of the discovery responses, although late, effectively moots plaintiff's motion for sanctions and obviates any reason that might have existed for the court to compel responses from defendant Felker.  Until shown otherwise, the court presumes the responses to be compliant with the rules governing discovery.  Plaintiff has not filed anything objecting to the form or content of the responses.  Furthermore, plaintiff submits nothing supporting his contention that he has been prejudiced by defendant's delay in responding to his discovery requests.  The lack of prejudice is all the more apparent in light of the court's decision to accept plaintiff's amended complaint adding three new defendants, all of whom must now be served.  The effect of that ruling on the existing scheduling order is discussed next, in conjunction with defendant Felker's motion to extend the discovery deadline.

IV.    Defendant Felker's motion to extend the discovery deadline

Defendant Felker seeks an additional 122 days in which to complete discovery,

1    effectively doubling the time that has already been allowed.  Referencing the motion to amend,

2    defendant Felker again states, just as he did in opposing the motion for sanctions, that he

3    "refrained from responding to discovery requests pending the Court's ruling and a new

4    scheduling order."  Motion for Extension at 2 (Dkt. No. 31).  He again represents that while the

5    motion to amend has been pending, he has "continued to use due diligence to obtain the

6    information responsive to plaintiff Brook's [sic] requests."  Id.  He also submits the recent

7    reassignment of this case to a new magistrate judge as an excuse: "[p]ending the Court's new

8    assignment, defendant Felker withheld further substantive discovery, including the scheduling of

9    plaintiff Brooks' deposition."  Id.

10          The court's decision to allow the amended complaint necessitates vacating the

11   existing scheduling order.  See Bd. of Trustees of the Automotive Industries Welfare Fund v.

12   Groth Oldsmobile/Chevrolet, Inc., 2010 WL 760452 at *3 (N.D.Cal.)(allowing amendment of the

13   complaint in part "because no trial date has been set, [and] there is more flexibility than there

14   normally would be if the parties were facing an impending trial").  However, the court

15   admonishes defendant Felker that a motion to amend the complaint does not automatically toll

16   the time to respond to discovery requests.  Moreover, the assignment of this case to a different

17   magistrate judge, without more, is a particularly unworthy ground to ask for any relief at all, and

18   it is a facile excuse for failing to depose plaintiff by this time in the litigation.

19          The court will vacate the existing scheduling order to allow time for service of the

20   amended complaint on the new defendants, instructions for accomplishing such service are

21   provided to plaintiff herein.  The court will issue a new scheduling order once those defendants

22   have answered the amended complaint.  Defendant Felker's motion to extend the discovery

23   deadline is moot.

24          Accordingly, IT IS HEREBY ORDERED that:

25          1.  Plaintiff's motion to amend the complaint (Dkt. No. 24) is granted.

26          2.  Service of the amended complaint is appropriate for the following defendants:

1   D.L. Runnels, R.K. Wong and R.G. Johnson.

2           3.  The Clerk of the Court shall send plaintiff three USM-285 forms, one

3   summons, an instruction sheet and a copy of the amended complaint filed February 3, 2010.

4           4.  Within thirty days from the date of this order, plaintiff shall complete the

5   attached Notice of Submission of Documents and submit the following documents to the court:

6               a.  The completed Notice of Submission of Documents;

7               b.  One completed summons;

8               c.  One completed USM-285 form for each defendant listed in number 3

9               above; and

10              d.  Four copies of the amended complaint filed February 3, 2010.

11          5.  Plaintiff need not attempt service on defendants and need not request waiver of

12  service.  Upon receipt of the above-described documents, the court will direct the United States

13  Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4

14  without payment of costs.

15          6.  Plaintiff's motion for sanctions (Dkt. No. 30) is denied as moot.

16          7.  Defendant Felker's motion to extend the discovery deadline (Dkt. No. 31) is

17  denied as moot.

18          8.  The scheduling order entered November 16, 2009 (Dkt. No. 20) is vacated.

19  The court will issue a new scheduling order after defendants Runnels, Wong and Johnson have

20  filed answers to the amended complaint.

21  DATED:  May 3, 2010

22

23                                    _____

24                                    KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE
25

26  broo2512.am&disc

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26