IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN DEXTER BROOKS,

     Plaintiff,                         No. 2:08-cv-2512 KJM KJN P

    vs.

T. FELKER, et al.,                    ORDER AND REVISED

     Defendants.                SCHEDULING ORDER

_____/

        On April 12, 2011, newly-substituted counsel for defendants filed a motion to modify the court's scheduling order. Defendants seek an extension of time to respond to plaintiff's pending motions, and ask the court to re-open the filing of pretrial motions, which deadline expired on February 28, 2011. Although prior counsel failed to file a motion for summary judgment, new counsel avers there are several issues appropriate for resolution by summary judgment.

        On March 3, 2011, plaintiff filed a motion for a two month extension of time to file pretrial motions. (Dkt. No. 50.)

        "The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified

1

only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson., 975 F.2d at 607).

It appears the parties are in agreement that the filing of pretrial motions is appropriate in this action. This court agrees, particularly in light of Norwood v. Vance, 591 F.3d 1062, 1068 (9th Cir. 2010) (a prison official is immune from suit for failing to provide an inmate with outdoor exercise, as is required under the Eighth Amendment, if such exercise was denied "in the midst of severe ongoing prison violence."). Good cause appearing, the parties' motions to modify the scheduling order is partially granted. In light of the extension of the pretrial motions deadline, as well as the pending motions, the court will vacate the parties' obligation to file pretrial statements, the trial confirmation hearing, and the trial date. These dates will be reset, if appropriate, following resolution of the pretrial motions.

On March 30, 2011, plaintiff filed a motion in limine to exclude evidence of plaintiff's criminal convictions at trial. Generally, motions in limine are filed seven days prior to trial. In any event, the parties will be informed of the deadline for filing motions in limine when the court issues its pretrial order. Therefore, plaintiff's motion is premature and is denied without prejudice. Defendants are relieved of their obligation to respond to this motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' April 12, 2011 motion to modify the scheduling order (dkt. no. 65) is partially granted;

2. Plaintiff's March 3, 2011 motion for extension of time to file pretrial motions (dkt. no. 50) is partially granted;

3. Defendants shall respond to plaintiff's motion to amend (dkt. no. 58) on or before April 29, 2011; plaintiff's reply, if any, shall be filed seven days thereafter;

3. Pretrial motions shall be filed on or before June 30, 2011;

4. The parties are relieved of their obligation to file pretrial statements;

5. The December 14, 2011 trial confirmation hearing and the January 30, 2012 jury trial date set before United States District Court Judge Kimberly J. Mueller are vacated; and

6. Plaintiff's March 30, 2011 motion in limine (dkt. no. 57) is denied without prejudice.

DATED: April 20, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

broo2512.36b