IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN D. BROOKS,

    Plaintiff,                                 No. 2:08-cv-2512 KJM KJN P

    vs.

T. FELKER, et al.,

    Defendants.                          ORDER

_____/

        This civil rights action is proceeding on plaintiff's February 3, 2010 amended complaint alleging plaintiff was denied outdoor exercise for over one year in violation of the Eighth Amendment, and based on plaintiff's race. (Dkt. No. 25.) The instant action is proceeding against four defendants employed at High Desert State Prison. (Id.) As set forth more fully below, the court finds that plaintiff's motion to amend is denied.

I. Motion to Amend

        On March 31, 2011, plaintiff filed a motion to file a second amended complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,[1] accompanied by a proposed

---

[1] Plaintiff also included, without argument, a citation to Rule 19(a) of the Federal Rules of Civil Procedure. However, Rule 19(a) addresses the joinder of necessary parties. Id. Here, plaintiff seeks leave to amend to add a due process claim, not parties who were previously not

1

second amended complaint. In the proposed second amended complaint, plaintiff seeks to add two due process claims. Plaintiff contends his due process rights were violated when he was housed in a 180 design facility rather than a 270 design facility[2] for over 600 days, and alleges defendants wrongfully refused to transfer plaintiff to a 270 design facility. Defendants oppose the motion, arguing it is untimely, and that the over five year delay will prejudice defendants. In addition, defendants argue that the proposed amended is futile because plaintiff has allegedly failed to state a cognizable due process claim. No reply was filed by plaintiff.

      A. Standards for a Motion to Amend

Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). However, because a pretrial scheduling order has been filed in this action, resolution of this motion to amend is governed by Rule 16 of the Federal Rules of Civil Procedure. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). "Once the district court filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 . . . that rule's standards controlled." Id. Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The scheduling order in this case was filed on May 11, 2010. (Dkt. No. 61.) Therefore, the court considers the present motion under the Rule 16 standard for amendment and secondarily under the standard of Rule 15(a). See Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999).

---

named as defendants. Accordingly, Rule 19(a) is not applicable.

  [2] A 180-design is more restrictive than a 270-design. Smith v. Davis, 2009 WL 578611 at *1 n.1 (E.D. Cal. 2009). "Whereas the 270 design format requires that inmates be released to a central dining facility from several housing units simultaneously, the 180 design provides dining facilities adjacent to each housing unit. Inmates may receive meals and participate in other program activities without coming in contact with inmates from other units. The configuration of outdoor recreation yards also allows for the supervision of smaller groups." (Dkt. No. 58-1 at 29.)

While amendment of pleadings is ordinarily liberally granted under Federal Rule of Civil Procedure 15(a), a movant must demonstrate "good cause" to justify amendment under Federal Rule of Civil Procedure 16(b). Johnson, 975 F.2d at 606-07. The "good cause" standard "focuses on the diligence of the party seeking amendment." Id. at 607 (citing Johnson, 975 F.2d at 609). The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson, 975 F.2d at 609 (internal quotation marks omitted). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation marks omitted). In addition to a lack of diligence, "prejudice to the party opposing the modification" may supply additional reasons to deny modification. Johnson, 975 F.2d at 609.

In order to demonstrate diligence, plaintiff must show whether he collaborated with the court in setting a schedule; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent. Id. at 608 (citations omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609. However, the district court is given broad discretion under Rule 16. Id. at 607.

Therefore, in interpreting the "good cause" requirement under Federal Rule of Civil Procedure 16(b), the court considers, primarily, "the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. As a secondary consideration, the court considers the degree of prejudice to the opposing party. Id.

B. Application

In the instant motion, plaintiff has failed to address good cause or diligence. Rather, plaintiff's simply argues the merits of adding the proposed due process claim. Review of the proposed second amended complaint ("SAC") reflects the following.

1    Plaintiff was transferred from the California State Prison in Lancaster, California
2 ("CSP-LAC"), to High Desert State Prison ("HDSP") on March 9, 2004. (SAC at 4.) Prior to
3 transfer, plaintiff, a Level IV inmate, was provided a classification hearing. (SAC at 11.)
4 Plaintiff was informed that CSP-LAC was converting to a Level III facility, requiring plaintiff's
5 transfer to a Level IV facility. (Id.) The committee found plaintiff met the criteria for Level IV
6 270 design housing. (Id.) Upon arrival at HDSP, however, plaintiff was housed in HDSP's
7 Level IV 180 design housing. (SAC at 4.) Plaintiff received his annual classification review in
8 November of 2004. (SAC at 4.)

9    On July 25, 2005, Associate Warden Wong, in connection with plaintiff's appeal
10 No. HDSP-D-05-02027, noted plaintiff was interviewed by CC-II Babich, who informed plaintiff
11 that in-level transfers would not be approved, with the exception of medical/mental health
12 necessity of the inmate or safety and security reasons, based on fiscal constraints. (SAC at 49.)
13 On October 25, 2005, plaintiff had another annual review at which plaintiff was recommended
14 for a medical transfer due to plaintiff's high blood pressure to Calipatria. (SAC at 15.) On
15 November 15, 2005, plaintiff's transfer was denied due to enemy concerns. (Id.) On December
16 6, 2005, plaintiff filed an appeal No. HDSP-B-05-3607 seeking transfer based on his medical
17 problems and his inability to exercise due to the frequent lockdowns. (Id.)

18    On January 19, 2006 plaintiff's third level appeal in No. HDSP 05-1468 was
19 denied. (SAC at 51.) The reviewer noted that plaintiff was informed that "even though
20 [plaintiff] is classified as eligible for 270-design housing, [plaintiff] is still a Level IV inmate and
21 270-design eligible inmates can be housed on a 180-design facility; however, a 180-design
22 inmate cannot be housed on a 270-design facility." (SAC at 51.) Therefore, plaintiff was
23 determined to be housed appropriately. (Id.)

24    Plaintiff has failed to demonstrate his diligence in bringing these stale due process
25 claims involving his initial transfer on March 9, 2004, as well as his continued housing in a 180
26 design facility from 2004-2005. Plaintiff pursued his administrative appeals in 2005, and on

1  January 19, 2006, received the Director's Level Review.  Thus, plaintiff could have brought his
2  due process claims in federal court as early as January 20, 2006.  Or, plaintiff could have raised
3  these claims in his original complaint filed on October 22, 2008, or in his amended complaint
4  filed February 3, 2010.  Plaintiff has not explained why he did not raise these due process claims
5  earlier.  Because plaintiff has failed to demonstrate diligence in pressing these due process
6  claims, plaintiff's motion to amend at this late stage of the proceedings is denied under Rule
7  16(b) of the Federal Rules of Civil Procedure.

8  In addition, defendants would be prejudiced by allowing plaintiff to amend to
9  raise claims based on incidents that occurred in 2004 and 2005.  This action was initially filed on
10  October 22, 2008.  If plaintiff were granted leave to amend, discovery would have to be re-
11  opened, and the court would have to vacate the scheduling order and set new dates.  Scheduling
12  in this action has already been extended.  (Dkt. Nos. 38, 44, 56 & 69.)  Given the over six year
13  lapse in time, memories have grown stale and evidence may be more difficult to locate.

14  Alternatively, analyzing plaintiff's motion to amend under Rule 15(a) of the
15  Federal Rules of Civil Procedure, plaintiff's motion should also be denied.  Courts "need not
16  grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in
17  bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of
18  "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend."  Owens v.
19  Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (citation omitted).

20  First, as noted above, defendants would be prejudiced by having to start the
21  lawsuit all over again.  Second, while there is no evidence plaintiff is acting in bad faith in
22  bringing this second amended complaint, plaintiff has failed to explain his lack of diligence in
23  bringing the motion.  Third, allowing plaintiff to file the proposed second amended complaint,
24  adding two new claims, would certainly delay the litigation, and would unnecessarily complicate
25  it as well.  At present, this case is proceeding on plaintiff's Eighth Amendment and equal
26  protection claims.  Finally, allowing plaintiff to file the proposed second amended complaint

1 would be futile.

2       Title 42 U.S.C. § 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

      Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

      As noted by defendants, the second amended complaint fails to demonstrate any of the named defendants were responsible for plaintiff's initial transfer to HDSP, or in plaintiff's initial housing assignment to the 180 design facility rather than the 270 design facility, or in his continued housing therein. The documents provided by plaintiff demonstrate that prison officials at CSP-LAC authorized plaintiff's nonadverse transfer to HDSP. No parties from CSP-LAC

have been named as defendants, and the court is not inclined to add new parties at this late stage of the proceedings. Plaintiff's SAC is devoid of factual allegations identifying who was responsible for plaintiff's housing assignment, or raising an inference that any of the named defendants were responsible. Moreover, plaintiff has provided evidence that as a Level IV inmate he was appropriately housed in a 180 design facility, despite his eligibility to be housed in a 270 design facility. (SAC at 51.)

Finally, the Ninth Circuit has found that it is not an atypical and significant hardship for Level III inmates to be housed in a Level IV facility. Myron v. Terhune, 476 F.3d 716, 718-19 (9th Cir. 2007). Another district court has found that the refusal to transfer a Level IV inmate from a Level IV, 180-degree-design facility to a Level IV, 270-degree-design facility failed to state a cognizable civil rights claim because the alleged liberty interest and the concomitant deprivation are less substantial than those in Sandin v. Conner, 515 U.S. 472, 484 (1995), and Myron, 476 F.3d at 716. Bazurto v. Kirkland, 2009 WL 2085111 (N.D. Cal.). The court in Bazurto stated that even if California prison regulations did create such a liberty interest, it was not substantial enough to be protected by the Fourteenth Amendment. Id. In light of Bazurto and Myron, allowing plaintiff to amend is futile. Therefore, plaintiff's motion to amend under Rule 15(a) of the Federal Rules of Civil Procedure is also denied.

C. Conclusion

In light of the above, plaintiff's motion to amend is denied. Fed. R. Civ. P. 16(b), 15(a).

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's March 30, 2011 motion to amend (dkt. no. 58) is denied.

DATED: May 31, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

broo2512.mta