IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN DEXTER BROOKS,

        Plaintiff,                      No. 2:08-cv-2512 KJM KJN P

    vs.

T. FELKER, et al.,

        Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel.  On March 15, 2011, plaintiff filed a motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, based on defendants' alleged spoliation of evidence.  Defendants have filed an opposition, and plaintiff has filed a reply.

        Federal courts have recognized a party's duty to preserve evidence when it knows or reasonably should know the evidence is relevant and when prejudice to an opposing party is foreseeable if the evidence is destroyed.  <u>Kronisch v. United States</u>, 150 F.3d 112, 130 (2d Cir. 1998) (evidence suggested defendants destroyed documents out of fear of future litigation). Once the duty to preserve attaches, a party must "suspend any existing policies related to deleting or destroying files and preserve all relevant documents related to the litigation."  <u>In re Napster, Inc. Copyright Litigation</u>, 462 F. Supp. 2d 1060, 1070 (N.D. Cal. 2006) (citation omitted).  Rule

1

37(b) of the Federal Rules of Civil Procedure provides for the imposition of sanctions for failure to comply with a court order. Id.

A party's destruction of evidence need not be in "bad faith" to warrant a court's imposition of sanctions. Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir. 1993); Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp., 982 F.2d 363, 368 n.2 (9th Cir. 1992) (district court has discretion to impose sanctions based on the power to "make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial.") "District courts may impose sanctions against a party that merely had notice that the destroyed evidence was potentially relevant to litigation." In re Napster, 462 F.Supp.2d at 1066; see also Glover, 6 F.3d at 1329 ("simple notice" that destroyed evidence has "potential relevance to . . . litigation" is sufficient to warrant spoliation sanction). "However, a party's degree of fault in destroying evidence is relevant to what sanction, if any, is imposed." In re Napster, 462 F.Supp.2d at 1066-67 (citations omitted).

Plaintiff's motion for sanctions for spoliation of evidence was brought under Rule 37 of the Federal Rules of Civil Procedure and in the context of defendant Felker's June 14, 2010 responses and supplemental responses to plaintiff's request for production of documents. For example, Request No. 9 asks for: "[a]ny and all memorandums distributed between the year 2003 and 2005 notifying staff and inmates concerning lockdowns/modified programs occurring on HDSP's Facility 'C.'" (Dkt. No. 46 at 87.) In addition to raising attorney-client privilege and/or work product protection objections, defendant Felker responded as follows:

> The Program Status Reports (PSR) are confidential. The PSR part B's were maintained in the Warden's Archive Unit. On December 14, 2009, this unit flooded due to a water pipe that burst as a result of sub 22 degree temperatures. As a result a majority of these documents were destroyed by the water damage. No documents will be produced.

(Dkt. No. 55 at 46.) Defendant Felker's responses are verified. (Dkt. No. 55 at 38.) A similar response was provided to subsequent responses and supplemental responses to requests for PSRs

2

or information contained therein. (Dkt. No. 55, Ex. 1 & 2, passim.)

Plaintiff's motion for sanctions is untimely. Plaintiff had notice of defendant's response that some of the PSRs had been destroyed shortly after plaintiff received defendant Felker's June 11, 2010 responses. Pursuant to the court's August 12, 2010 order, the discovery deadline was extended to December 28, 2010, and the pretrial motions deadline was extended to February 28, 2011. Because plaintiff received defendant Felker's responses in June of 2010, and his motion is based on a violation of Rule 37 of the Federal Rules of Civil Procedure, plaintiff should have filed his motion prior to the December 28, 2010 discovery deadline. But even if plaintiff's motion was properly filed before the pretrial motions deadline, plaintiff's motion for sanctions was signed on March 13, 2011, almost two weeks after the February 28, 2011 pretrial motions deadline expired. Plaintiff's motion is denied as untimely.

In any event, plaintiff's motion is not well-taken substantively. Rule 37 does not support the entry of sanctions, because the challenged conduct is not a violation of a discovery order issued by the court. See Unigard, 982 F.2d at 367-68 (Unigard's actions were not taken in violation of some form of court order concerning discovery). No discovery order, including no protective order, issued in this case concerning the PSRs. Therefore, plaintiff's motion for sanctions under Fed. R. Civ. P. 37 is denied.

Plaintiff's motion for sanctions based on the district court's inherent power to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial (see Unigard, 982 F.2d at 368-69) also fails. Plaintiff seeks, *inter alia*, an adverse inference instruction be given to the jury. (Dkt. No. 55 at 18.)

> [A] party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

In re Napster, 462 F. Supp. 2d at 1078 (citation omitted). In order to exclude evidence, the court

3

must find "willfulness or fault by the offending party." Unigard, 982 F.2d at 368 n.2 (citation omitted). As noted above, however, to impose sanctions, the court need not find that the spoliating party acted in bad faith. Id.; Glover v. BIC Corp., 6 F.3 d 1318, 1329 (9th Cir.1993).

This court finds that the imposition of sanctions is inappropriate because there is no evidence of misconduct, intention, or willfulness on the part of defendant Felker. Here, the records were apparently destroyed by water resulting from a water pipe that broke due to subfreezing temperatures. Plaintiff fails to establish that defendant Felker or his agent destroyed evidence in conscious disregard of a duty to retain it. See Shepherd v. American Broadcasting Cos., Inc., 62 F.3d 1469, 1481 (D.C. Cir. 1995) (district court was required to find predicate misconduct by clear and convincing evidence); see also Unigard, 982 F.2d at 368 (limiting exercise of court's inherent sanction power to cases involving willfulness or fault by spoliating party). Plaintiff has not demonstrated that storing the PSRs in the Warden's Archive Unit was unreasonable or violated defendant Felker's duty to preserve evidence.

Plaintiff has presented no evidence that defendant Felker caused the broken water pipe. The destruction of these documents by a broken water pipe is accidental, not misconduct, nor intentional or culpable spoliation of evidence. Finally, defendant Felker was no longer Warden on the date the records flooded. Defendant Felker was promoted to the position of Director of the California Prison Health Care System in October 2008, before plaintiff filed the original complaint herein. Because defendant Felker was no longer employed at HDSP, he was not personally connected to the flooding in the Warden's Archive Unit or the handling of the records after the flooding. "[A] party's degree of fault in destroying evidence is relevant to what sanction, if any, is imposed." In re Napster, 462 F.Supp.2d at 1066-67 (citations omitted). Plaintiff cites no case in which a court imposed sanctions adverse to a blameless party.

The instant record does not support a recommendation that the district court impose sanctions at trial.

////

4

For all of the above reasons, IT IS HEREBY ORDERED that plaintiff's March 15, 2011 motion for sanctions based on spoliation of evidence (dkt. no. 55) is denied.[1]

DATED: June 7, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

broo2512.spo

---

[1] Both parties argued the application of privilege, confidentiality, and other objections raised by defendant Felker in the discovery responses. However, discovery closed on December 28, 2010. Plaintiff did not file a timely motion to compel further discovery responses, and this court will not construe plaintiff's untimely motion for sanctions as a motion to compel discovery. However, to the extent defendants plan to introduce documents requested by plaintiff in discovery but not produced to plaintiff during discovery, plaintiff may object to their admission at trial.