1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVEN D. BROOKS,

11               Plaintiff,                        No. 2:08-cv-2512 KJM KJN P

12        vs.

13   T. FELKER, et al.,

14               Defendants.                        ORDER

15   _____/

16               This civil rights action is proceeding on plaintiff's February 3, 2010 amended

17   complaint alleging that plaintiff was denied outdoor exercise for over one year in violation of the

18   Eighth Amendment, and based on plaintiff's race in violation of the Equal Protection Clause.

19   (Dkt. No. 25.)  The instant action is proceeding against four defendants employed at High Desert

20   State Prison ("HDSP").  (Id.)  As set forth more fully below, plaintiff's renewed motion to amend

21   is denied without prejudice.[1]

22   _____

23        [1]  On October 5, 2011, plaintiff filed a request to withdraw his motion if the court has not
     already ruled on the motion.  (Dkt. No. 87.)  However, in this request, plaintiff states he received
24   700 pages of discovery on August 25, 2011, and, after reviewing those documents, agrees that
     defendants Tilton, Vanderville, Blankenship and Foulk should not be added as defendants.  (Dkt.
25   No. 87 at 2.)  However, those defendants were not the only persons plaintiff sought leave to add,
     and plaintiff's request failed to address the other issues included in plaintiff's motion to amend.
26   Therefore, the court declines to grant plaintiff's request to withdraw the motion to amend.

1    I.  Second Motion to Amend

2              On June 20, 2011, plaintiff filed a second motion to amend[2] pursuant to Rules

3    15(a), 16(b) and 19(a) of the Federal Rules of Civil Procedure, accompanied by a proposed

4    second amended complaint.  In the proposed second amended complaint, plaintiff seeks to add

5    eight new defendants.  Plaintiff seeks to add Edward Alameida, Director of Corrections, James

6    Tilton, Secretary of Corrections, and Mike Knowles, Deputy Director.  Plaintiff contends these

7    defendants were "responsible for designing, implementing and approving the lockdowns/

8    modified programs at HDSP," and "it was their obligation to constantly review, evaluate and

9    authorize 'modified programs' and race-based lockdowns at HDSP."  (Dkt. No. 77 at 4.)  Also,

10   plaintiff seeks to name five facility captains as defendants.  Plaintiff argues it is essential to add

11   the facility captains because "they played a crucial role in the day to day planning of the race-

12   based lockdowns at HDSP just as other facility captains do at other CDCR[3] institutions."  (Dkt.

13   No 77 at 6.)

14             Defendants oppose the motion, arguing that plaintiff has failed to show good

15   cause for the delay in adding the proposed new defendants, and restarting the case would cause

16   undue delay and prejudice to defendants.  In addition, defendants argue that the proposed second

17   amended complaint is futile because plaintiff has allegedly failed to state a cognizable due

18   process claim.  No reply was filed by plaintiff.

19             A.  Standards for a Motion to Amend

20             The Federal Rules of Civil Procedure provide that a party may amend his or her

21   pleading "once as a matter of course at any time before a responsive pleading is served."  Fed. R.

22   Civ. P. 15(a).  "It is the law of this circuit that a plaintiff waives all claims alleged in a dismissed

23   complaint which are not realleged in an amended complaint."  Forsyth v. Humana, Inc., 114 F.3d

---

24        [2] Plaintiff's previous motion to file a second amended complaint was denied on May 31,
25   2011.  (Dkt. No. 73.)

26        [3] CDCR is the acronym for the California Department of Corrections and Rehabilitation.

2

1467 (9th Cir. 1997).  Thus, an amended or supplemental complaint supersedes the original

complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended pleading is

filed, the original pleading no longer serves any function in the case.  Id.; see also E.D. Local

Rule 220.

Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of

amendments and, in general, leave shall be freely given when justice so requires.  See Janicki

Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994).  However, because a pretrial

scheduling order has been filed in this action, resolution of this motion to amend is governed by

Rule 16 of the Federal Rules of Civil Procedure.  Johnson v. Mammoth Recreations, Inc., 975

F.2d 604, 607-08 (9th Cir. 1992).  "Once the district court filed a pretrial scheduling order

pursuant to Federal Rule of Civil Procedure 16 . . . that rule's standards controlled."  Id.  Rule

16(b) provides that "[a] schedule may be modified only for good cause and with the judge's

consent."  Fed. R. Civ. P. 16(b)(4).  The scheduling order in this case was filed on May 11, 2010.

(Dkt. No. 61.)  Therefore, the court considers the present motion under the Rule 16 standard for

amendment and secondarily under the standard of Rule 15(a).  See Jackson v. Laureate, Inc., 186

F.R.D. 605, 607 (E.D. Cal. 1999).

While amendment of pleadings is ordinarily liberally granted under Federal Rule

of Civil Procedure 15(a), a movant must demonstrate "good cause" to justify amendment under

Federal Rule of Civil Procedure 16(b).  Johnson, 975 F.2d at 606-07.  The "good cause" standard

"focuses on the diligence of the party seeking amendment."  Id. at 607 (citing Johnson, 975 F.2d

at 609).  The district court may modify the pretrial schedule if it cannot reasonably be met despite

the diligence of the party seeking the extension."  Johnson, 975 F.2d at 609 (internal quotation

marks omitted).  "If the party seeking the modification was not diligent, the inquiry should end

and the motion to modify should not be granted."  Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080,

1087 (9th Cir. 2002) (internal quotation marks omitted).  In addition to a lack of diligence,

////

1  "prejudice to the party opposing the modification" may supply additional reasons to deny

2  modification.  Johnson, 975 F.2d at 609.

3          In order to demonstrate diligence, plaintiff must show whether he collaborated

4  with the court in setting a schedule; whether matters that were not, and could not have been,

5  foreseeable at the time of the scheduling conference caused the need for amendment; and

6  whether the movant was diligent in seeking amendment once the need to amend became

7  apparent.  Id. at 608 (citations omitted).  "[C]arelessness is not compatible with a finding of

8  diligence and offers no reason for a grant of relief."  Johnson, 975 F.2d at 609.  However, the

9  district court is given broad discretion under Rule 16.  Id. at 607.

10          Therefore, in interpreting the "good cause" requirement under Federal Rule of

11  Civil Procedure 16(b), the court considers, primarily, "the diligence of the party seeking the

12  amendment."  Johnson, 975 F.2d at 609.  As a secondary consideration, the court considers the

13  degree of prejudice to the opposing party.  Id.

14          B.  Procedural History

15          In the original complaint, plaintiff named T. Felker, Warden, and Does 1 - 12, as

16  defendants in this action.  Plaintiff alleged defendants were deliberately indifferent to plaintiff's

17  serious medical needs by depriving plaintiff of fresh air and outdoor exercise, and that the

18  deprivation of outdoor exercise and fresh air was cruel and unusual punishment.  Plaintiff claims

19  he was locked down from March 9, 2004 to February 5, 2005 in Facility C of HDSP, and from

20  April 2005 to December 2005 in Facility D of HDSP.

21          On May 4, 2010, plaintiff was granted leave to amend, and plaintiff's February 3,

22  2010, sixteen page, first amended complaint (dkt. no. 25) was ordered served on three additional

23  defendants.  Plaintiff again named T. Felker, and also named R.K. Wong and R.S. Johnson, all

24  Associate Wardens, as well as D.L. Runnels, Warden.  Plaintiff raised Eighth Amendment and

25  Equal Protection claims.  Plaintiff named no Doe defendants.

26  ////

1       On March 30, 2011, plaintiff filed a motion for leave to file a second amended

2  complaint.  Plaintiff named the same four defendants, but sought leave to add two due process

3  claims.  Plaintiff included no Doe defendants.  Plaintiff's motion to amend was denied because

4  plaintiff failed to show good cause to justify amendment or to demonstrate diligence in bringing

5  the motion; defendants would be prejudiced given the over six year lapse in time, and the fact

6  that discovery would have to be re-opened, and the scheduling order vacated; and, finally,

7  amendment would be futile as the proposed amended claims failed to state a cognizable civil

8  rights claim.  (Dkt. No. 73.)

9       On June 20, 2011, plaintiff filed a second motion for leave to amend (dkt. no. 77),

10  accompanied by his proposed fifty page second amended complaint.  Plaintiff seeks to add eight

11  new defendants, and a state law claim.  Plaintiff's motion is based on "new information that was

12  not made available to the plaintiff during the discovery process."  (Id. at 2.)  Rather, plaintiff met

13  with an attorney and another inmate[4] in April of 2011, during which plaintiff allegedly learned

14  (a) the identity of facility captains at HDSP that plaintiff was unable to obtain during discovery,

15  and (b) about various lockdown procedures, regulations and other race-based lockdowns in the

16  California prison system.  It appears plaintiff attempts to incorporate some of the allegations

17  raised in another lawsuit in the instant action.  See n.2. infra.

18       C.  Application

19  _____First, plaintiff seeks leave to amend to add a state law claim alleging the

20  intentional infliction of emotional distress.  However, California's Tort Claims Act requires that a

21  tort claim against a public entity or its employees be presented to the California Victim

22  Compensation and Government Claims Board, formerly known as the State Board of Control, no

23  _____

24      [4] Plaintiff met with inmate Robert Mitchell and attorney Rebekah Evenson, who filed a
class action complaint on April 27, 2011.  Mitchell v. Felker, 2:08-cv-1196 JAM EFB P (E.D.
Cal.).  A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc.,

25  285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts,
both within and without the federal judicial system, if those proceedings have a direct relation to

26  matters at issue") (internal quotation omitted).

1    more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2,

2    945.4, 950-950.2;  Hernandez v. McClanahan, 996 F.Supp. 975, 977 (N. D. Cal. 1998) (failure to

3    present timely California tort claims bars plaintiff from bringing them in federal suit).

4    Presentation of a written claim, and action on or rejection of the claim are conditions precedent

5    to suit.  State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 13 Cal. Rptr.3d

6    534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).

7    To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort

8    Claims Act.  State v. Superior Court, 32 Cal.4th at 1245, 13 Cal. Rptr.3d at 543; Mangold, 67

9    F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

10              Here, plaintiff attempts to add a state law claim alleging the intentional infliction

11   of emotional damages by defendants.  However, plaintiff has failed to allege compliance with the

12   Tort Claims Act, either in the second amended complaint or in his motion to amend.  Plaintiff

13   also did not file a reply.  Because plaintiff has failed to allege compliance with the Tort Claims

14   Act, plaintiff's motion to amend to add this claim is denied.

15              Second, plaintiff seeks leave to amend to add defendants Edward Alameida, the

16   Director of CDCR, James Tilton, the Secretary of CDCR, and Mike Knowles, Deputy Director,

17   apparently in an attempt to challenge the regulations promulgated by the CDCR in connection

18   with the instant lockdowns.  However, plaintiff failed to demonstrate diligence or good cause to

19   add these defendants or proposed new claims concerning CDCR regulations.  Defendants also

20   ask the court to take judicial notice of plaintiff's lawsuit against defendant Alameida in Brooks v.

21   Alameida, et al., 2:04-cv-2059 H (S.D. Cal.) (Dkt. No. 80 at 4-12.)  Defendants' request is

22   granted.  This lawsuit demonstrates plaintiff was aware of Alameida's identity by October of

23   2008, when plaintiff filed the instant action.  Moreover, plaintiff was put on notice of the

24   applicable CDCR regulations on May 16, 2006, when plaintiff was provided the Director's Level

25   Decision in appeal No. HDSP-05-3292.  (Dkt. No. 1 at 12.)

26   ////

1    To the extent plaintiff attempts to name defendants Alameida, Tilton and Knowles

2   in their supervisory capacity, defendants are correct that supervisory personnel are generally not

3   liable in civil rights actions.  The Civil Rights Act under which this action was filed provides as

4   follows:

5           Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
6           deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
7           law, suit in equity, or other proper proceeding for redress.

8   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

9   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

10  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

11  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

12  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

13  omits to perform an act which he is legally required to do that causes the deprivation of which

14  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15          Moreover, supervisory personnel are generally not liable under § 1983 for the

16  actions of their employees under a theory of respondeat superior and, therefore, when a named

17  defendant holds a supervisorial position, the causal link between him and the claimed

18  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

19  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

20  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

21  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

22  Cir. 1982).

23          Defendants have provided the declaration of D. Runnels, former Warden of

24  HDSP, who confirmed that Alameida, Tilton and Knowles played no role in the decision to

25  implement, modify or terminate the lockdowns at HDSP.  (Dkt. No. 79-3 at 3.)  Finally, to the

26  extent plaintiff claims he became aware of the roles of Alameida or Knowles by virtue of his

7

1   April 2011 meeting with inmate Mitchell, the court notes that inmate Mitchell's amended

2   complaint does not name Alameida or Knowles as defendants.  See 2:08-cv-1196 JAM EFB P

3   (Dkt. No. 84).

4              For all of the above reasons, plaintiff's motion to amend to name Alameida,

5   Tilton and Knowles as defendants, or to include challenges to CDCR regulations, is denied.  Of

6   course, this does not preclude plaintiff from using CDCR regulations to support his pending

7   claims.

8              Third, plaintiff attempts to amend the complaint to add Wright, Blankenship,

9   Foulk, Norgaard and Vanderville, alleged facility captains at HDSP, as defendants.  Plaintiff

10  argues that the facility captains "implemented and administered" the lockdowns, and "had the

11  power to extend the race-based lockdown by exaggerating their responses and investigative

12  findings and they punished plaintiff for being black rather than responding appropriately to a

13  genuine emergency." (Dkt. No. 77 at 4.)  Plaintiff "requested the names of all those individuals

14  who were assigned Facility Captains at HDSP.  The defendants refused to assist me in

15  determining the names of those individuals." (Dkt. No. 77 at 5.)

16             Defendants argue that "the Warden was the only person at HDSP with the

17  authority to adjust or terminate a modified program." (Dkt. No. 79 at 9.)  Defendants provided

18  the declaration of C. Polan, Personnel Manager at HDSP, who confirmed that Blankenship

19  stopped working at HDSP in 2002. (Dkt. No. 79-2 at 1.)  Wright and Foulk were not assigned as

20  captains at HDSP until 2006. (Dkt. No. 79-2 at 2.)  Norgaard and Vanderville were never

21  assigned as Facility Captains at HDSP. (Dkt. No. 79-2 at 2.)  Thus, none of these proposed

22  defendants were facility captains at HDSP during the 2004 and 2005 lockdowns at issue here.

23             However, defendants concede that plaintiff attempted to discover the identity of

24  Facility C and D Captains, but argue that plaintiff failed to timely file a motion to compel a

25  further response.  Neither party provided a copy of defendants' response to the discovery request,

26  but plaintiff is clearly entitled to discover this information.  Moreover, plaintiff is correct that he

1   has encountered difficulties in obtaining discovery; indeed, defendants are still providing

2   plaintiff with discovery despite the passing of the discovery deadline.  (Dkt. Nos. 86; 87.)

3   Although plaintiff did not include any Doe defendants in his amended complaint (dkt. no. 25),

4   plaintiff did include Doe defendants in the original complaint.  (Dkt. No. 1.)  Had defendants

5   timely provided the identity of the pertinent facility captains during discovery, plaintiff may have

6   included them in the previous amended complaint.

7            In light of the above, plaintiff's motion to amend to add alleged facility captains

8   Wright, Blankenship, Foulk, Norgaard and Vanderville is denied.  However, defendants are

9   directed to provide plaintiff with the names of the Facility C and Facility D captains at HDSP

10  during the 2004 and 2005 lockdowns at issue here, who provided the Warden or Associate

11  Warden with information as to whether the lockdowns should be implemented, terminated, or

12  modified.  Once this information is provided, plaintiff may renew his motion to amend to name

13  the appropriate facility captains.  Plaintiff is cautioned, however, that he is not granted leave to

14  add new claims or other defendants.  Indeed, plaintiff could simply add a few paragraphs to the

15  amended complaint (dkt. no. 25) addressing the specific roles of the newly-added facility

16  captains.  Plaintiff may only include those facility captains who played a role in the HDSP

17  lockdowns at issue here.

18  II.  Conclusion

19           In light of the above, plaintiff's motion to amend is denied without prejudice.

20  Once plaintiff's renewed motion to amend is resolved, the court will revisit the issue of

21  scheduling.

22           In accordance with the above, IT IS HEREBY ORDERED that:

23           1.  Plaintiff's October 5, 2011 request to withdraw his motion to amend, which

24  this court determined was incomplete, (dkt. no. 87), is denied;

25           2.  The July 8, 2011 request for judicial notice (dkt. no. 80) filed by defendants is

26  granted;

1         3.  Plaintiff's June 20, 2011 motion to amend (dkt. no. 77) is denied without

2    prejudice;

3         4.  Within twenty-one days from the date of this order, defendants shall provide

4    plaintiff with the names of those Facility C and Facility D Captains at HDSP in 2004 and 2005 as

5    set forth above; and

6         5.  Twenty-one days after defendants provide plaintiff with facility captain names,

7    plaintiff may renew his motion to amend, accompanied by a proposed amended complaint,

8    entitled "Third Amended Complaint."  If plaintiff decides not to seek further amendment, this

9    action will proceed on plaintiff's amended complaint.  (Dkt. No. 25.)

10   DATED:  October 12, 2011

11

12

13   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

14   broo2512.mta2

15

16

17

18

19

20

21

22

23

24

25

26